IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-01-1551-M |
| | ) |
| MIKE MULLIN, Warden, Oklahoma | ) |
| State Penitentiary, | ) |
| | ) |
| Respondent. | ) |

**CERTIFICATE OF APPEALABILITY**

Petitioner, a state prisoner appearing through counsel seeking relief from the death penalty, filed his *Petition Under 28 U.S.C. § 2254 For a Writ of Habeas Corpus By A Person in State Custody* (hereinafter "Petition") on May 24, 2002. The Petition set forth ten (10) grounds for relief. Relief was denied on each ground in the *Memorandum Opinion* and *Judgment* issued July 29, 2005. (Docket Nos. 105 and 106.) On August 26, 2005, Petitioner filed a *Notice of Appeal* (Docket No. 107) and his *Application for Certificate of Appealability and Brief in Support*. (hereinafter "Application"; Docket No. 108.)

The Court recognizes that "review of a death sentence is among the most serious examination any court of law ever undertakes." Brecheen v. Reynolds, 41 F.3d 1343, 1370 (10th Cir. 1994), cert denied, 515 U.S. 1135 (1995). To be granted a certificate of appealability, Petitioner must demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253 (c)(2); Fed. R. App. P. 22. The applicable portions of § 2253 state:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from - -
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant

>has made a substantial showing of the denial of a constitutional right.
>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C.A. § 2253(c).

The Supreme Court has explained this standard, stating that "[w]here the district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). See also Tillman v. Cook, 215 F.3d 1116, 1120 (10th Cir. 2000).

>Obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)(citations omitted).

>Consistent with our prior precedent and the text of the habeas corpus statute, we reiterate that a prisoner seeking a COA need only demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

Miller-El v. Cockrell, 537 U.S. 322, 326 (2003).

In the *Memorandum Opinion*, each of Petitioner's ten grounds for relief was reviewed and the Court found that none merited or warranted habeas relief. Although in his Application Petitioner specifically delineates Grounds 1-5, and 9, he includes those grounds as "[a]mong the issues meriting appellate review." Accordingly, the Court shall consider from his assertion that Petitioner has requested this Court to issue a certificate of appeal on every ground for relief of his Petition. Based upon this Court's review of the Fifth (eyewitness identification), Sixth (failure to instruct on

self defense), Seventh (Religious influence on jury deliberations), Eighth (Victim Impact Evidence), Ninth (continuing threat aggravating circumstance), and Tenth (victim impact evidence regarding desired penalty) grounds for relief and based upon the rationale and the reasons stated in the *Memorandum Opinion*, the Court finds that none of these issues are debatable among jurists of reason; no court could resolve the issues in a different manner; and the questions presented in those grounds for relief are not adequate to deserve encouragement to proceed further. Barefoot, 463 U.S. at 893 n. 4.

The Court finds the remaining requested grounds for relief are different. With respect to Petitioner's First (insufficient evidence), Second (lesser included offenses), Third (ineffective assistance of counsel in the first stage of trial), and Fourth (ineffective assistance of counsel in the second stage of trial) grounds for relief, the Court recognizes that the claims asserted in those grounds raise alleged deprivations of Petitioner's constitutional rights, acknowledges that these issues could be debated among jurists of reason and determines these claims to be adequate to deserve encouragement to proceed further.

Therefore, the Court GRANTS a Certificate of Appealability as to Petitioner's claims contained in his First, Second, Third and Fourth grounds for relief and DENIES a Certificate of Appealability as to all other grounds for relief contained in Petitioner's Petition.

IT IS SO ORDERED this 6th day of September, 2005.

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE